This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JULIO RUBIO,**

Worker-Appellant,

v.                                                          NO.   30,649

**DEPARTMENT OF PUBLIC SAFETY and**
**NEW MEXICO RISK MANAGEMENT**
**DIVISION,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Chavez Law Firm
Gonzalo Chavez
Roswell, NM

for Appellant

David L. Skinner, PC
David L. Skinner
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Julio Rubio (Worker) appeals from the compensation order that provides benefits to Worker, but also provides that Employer is entitled to a credit for benefits previously paid. [RP 110] Our second notice proposed to affirm, and Worker filed a timely memorandum in opposition pursuant to a granted motion for extension of time. We agree with the Workers' Compensation Judge's (WCJ) credit for benefits paid and, therefore, affirm.

**ISSUES A & B**

Worker continues to argue that the WCJ improperly determined the amount of credit to which Employer is entitled for its previous payments for loss of use benefits. [DS 4; MIO 4]

As set forth in our second notice, the WCJ ruled that Worker is entitled to benefits for a fifty-percent loss of use of the left foot for 115 weeks at a compensation rate of $318.81 per week, [RP 115] for a total amount of $36,663.15. *See* NMSA 1978, § 52-1-43 (2003). From this total amount, however, the WCJ ruled that Employer is entitled to a credit for loss of use benefits [RP 67, 68, 104] previously paid [RP 115] in the amount of $10,840. [RP 105] Thus, apart from the $10,840 already paid by Employer, the WCJ determined that Worker is entitled to an

additional $25,823.15, along with interest at the judgment rate, to be paid at a weekly rate of $318.81 beginning on August 10, 2009. [RP 115]

It is well established that when there are successive injuries to the same member or function, benefits for the subsequent injury may not duplicate benefits paid for the prior injury. *See generally Gurule v. Albuquerque-Bernalillo Cnty. Econ. Opportunity Bd.*, 84 N.M. 196, 500 P.2d 1319 (Ct. App. 1972); *Smith v. Trailways Bus Sys.*, 96 N.M. 79, 628 P.2d 324 (Ct. App. 1981). Worker recognizes that Employer is entitled to a credit for benefits previously paid. [DS 6; MIO 4] Worker continues to argue, however, that the WCJ gave Employer too much credit for its previous payments for loss of use. [MIO 4]

Worker's argument focuses on the thirty-two week period of time beginning when his injury worsened, and he became disabled on January 19, 2009, and ending on September 18, 2009, when his 115 weeks of benefits for the first injury would have expired. [RP 115] Worker seems to suggest that Employer should have only received a credit for the weekly benefits Employer would have been liable for during that thirty-two week period at the original thirty-four percent loss of use impairment rating. Worker's argument ignores two things. First, Employer paid Worker a lump sum of $10,840, rather than a weekly benefit as Worker's argument presumes. Second, Worker is only entitled to a total of 115 weeks of benefits for the injury to his

3

foot that encompasses both the initial injury and its later worsening. *See* § 52-1-43 (limiting loss of use disability benefits for an injury to a foot to 115 weeks). In light of that 115-week cap on benefits, the WCJ chose to simply restart the 115-week benefit period from the date that Worker reached maximum medical improvement for a second time and award Worker benefits for that entire period of time based on the fifty percent loss of use impairment rating. But then the WCJ credited Employer for the entire lump sum payment that was paid prior to the restarting of the 115-week benefit period. By doing so, we conclude that the WCJ applied an appropriate method for avoiding a duplication of benefits. *See Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶¶ 42-43, 137 N.M. 497, 113 P.3d 320 (recognizing a need for a reduction of benefits if the compensation would otherwise duplicate the benefits the employer paid on account of the prior injury); *see also* NMSA 1978, § 52-1-47(D) (1990) (providing for the reduction of loss of use compensation benefits to avoid duplication of benefits already paid).

**CONCLUSION**

Based on the foregoing discussion, we hold that the WCJ properly gave Employer a credit for benefits previously paid. Thus, apart from the $10,840 already paid by Employer, Worker is entitled to an additional $25,823.15, along with interest

at the judgment rate, to be paid at a weekly rate of $318.81 beginning on August 9, 2009.  We therefore affirm the compensation order.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**